TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Craig Pittman*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Pittman, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; and Account Recovery Services, Inc., An Arizona corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, CRAIG PITTMAN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, plead as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]), and violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.* [hereinafter "FDCPA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc., ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona; and

2

    b.  Account Recovery Services, Inc. ("ARS"), which is an Arizona company that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Defendant Experian is improperly reporting a delinquent debt on a trade line furnished by Defendant ARS with account number ARST00163800065XXXX (the "Errant Trade Line").

7. The alleged debt that is the subject of the Errant Trade Line is purportedly owed to Dr. Steven M. Gitt regarding a surgery performed at Dr. Gitt's office in 2009.

8. The cost of the procedure was covered by Plaintiff's insurance provider, with Plaintiff being responsible for $1,458.00 of the cost for the procedure, and the remaining $39,656.00 covered by Plaintiff's insurance provider.

9. Dr. Gitt subsequently waived the $1,458.00 owed by Plaintiff due to an infection Plaintiff contracted at Dr. Gitt's office at the time of the procedure.

10. Plaintiff and Dr. Gitt later embarked upon a joint business venture that later failed, resulting in a legal battle between Plaintiff and Dr. Gitt.

11. Thereafter, Plaintiff obtained a three-in-one credit report from Identityiq.com showing the Errant Trade Line.

12. On or about May 28, 2015, Plaintiff submitted a letter to Experian, disputing the Errant Trade Line, attaching an Explanation of Benefits provided by

Plaintiff's insurance provider, and asking that the Errant Trade Line be removed.

13. Upon information and belief, Experian transmitted Mr. Pittman's consumer dispute to ARS.

14. On or about June 9, 2015, Plaintiff received Experian's investigation results, which showed that the Errant Trade Line "[r]emains."

15. On or about June 10, 2015, ARS sent a letter to Plaintiff stating that it "will continue to identify [Plaintiff] as the correct consumer for this account."

16. The June 10, 2015 letter from ARS further states that Plaintiff's "insurance company is claiming they sent you the funds to forward to our client.  Our client does not show receiving these funds," which is false.

## COUNT I

### NEGLIGENT VIOLATION OF THE
### FAIR CREDIT REPORTING ACT BY ARS

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Experian of Mr. Pittman's consumer dispute regarding the Errant Trade Line, ARS negligently failed to conduct a proper reinvestigation of Mr. Pittman's dispute as required by 15 USC 1681s-2(b).

19. ARS negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC

1681s-2(b). Specifically, it failed to direct Experian to remove the Errant Trade Line.

20. The Errant Trade Line is inaccurate and creates a misleading impression on Mr. Pittman's consumer credit file with Experian, to which ARS is furnishing the Errant Trade Line.

21. As a direct and proximate cause of ARS' negligent failure to perform its duties under the FCRA, Mr. Pittman has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. ARS is liable to Mr. Pittman by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Mr. Pittman has a private right of action to assert claims against ARS arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against ARS for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE
### FAIR CREDIT REPORTING ACT BY ARS

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Experian that Mr. Pittman disputed the accuracy of the information it was providing, ARS willfully failed to conduct a proper reinvestigation of Mr. Pittman's dispute.

26. ARS willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of ARS' willful failure to perform its respective duties under the FCRA, Mr. Pittman has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. ARS is liable to Mr. Pittman for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against ARS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

6

**BY ARS**

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. At all relevant times ARS, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

31. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

32. ARS is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

33. ARS' foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

## <u>COUNT IV</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Pittman as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mr. Pittman that was false, misleading, and inaccurate.

38. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Pittman, in violation of 15 USC 1681e(b).

39. After receiving Mr. Pittman's consumer disputes to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Pittman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Experian is liable to Mr. Pittman by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

8

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorney's fees.

## COUNT V

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Pittman as that term is defined in 15 USC 1681a.

44. Such reports contained information about Mr. Pittman that was false, misleading, and inaccurate.

45. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Pittman, in violation of 15 USC 1681e(b).

46. After receiving Mr. Pittman's consumer disputes to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Pittman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Experian is liable to Mr. Pittman by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 10, 2015                    KENT LAW OFFICES

                                        By: _/s/  Trinette G. Kent_
                                        Trinette G. Kent

                                        Attorneys for Plaintiff,
                                        Craig Pittman